IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| VERNON BROOKS, JR., et al., | ) | |
|     Plaintiffs, | ) | Civil Action No. 7:21-cv-00223 |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN MNUCHIN, et al., | ) | By: Michael F. Urbanski |
|     Defendants. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Plaintiffs, twelve Virginia inmates proceeding pro se, filed this case as a civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1 at 1. Because the defendants are all federal officials or agencies, however, the Clerk docketed the case as an action brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1] Plaintiffs, though, invoke this court's federal question jurisdiction under 28 U.S.C. § 1331 and under 28 U.S.C. § 1346(a), also known as the "Little Tucker Act," which gives this court jurisdiction over certain claims against the United States, if the value of the claims is less than $10,000. The complaint names as defendants the United States, the U.S. Department of Treasury, the U.S. Internal Revenue Service, and Steven Mnuchin and Charles Rettig, who are named only in their official capacities as Secretary of the Treasury and Commissioner of the Internal Revenue Service, respectively.

---

[1] A Bivens claim may not be the appropriate vehicle for asserting plaintiffs' claims, but Bivens provides a judicially-created remedy for certain constitutional violations by federal officials, akin to the statutory remedy in § 1983, referenced in plaintiffs' complaint. In any event, the claims asserted clearly cannot be brought against these federal defendants under § 1983, which requires action "under color of state law." West v. Atkins, 487 U.S. 42, 49 (1988) (emphasis added).

The complaint, which purports to bring claims on behalf of a class and seeks class certification, asserts claims for declaratory and injunctive relief, all arising from defendants' alleged failure to send plaintiffs economic impact payments ("EIPs") under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), 26 U.S.C. § 6428. The complaint reference three sets of EIPs, and alleges that most of the plaintiffs filed for their first and second EIPs using a 2019 and 2020 IRS 1040 form, but did not receive them, and that they have not received the third $1400 payment, either. Some of the plaintiffs have received one of the three payments, though. See, e.g., Compl. ¶¶ 5, 7. The complaint seeks a declaratory judgment "that defendants lack statutory authority to withhold or unreasonably delay delivery of EIP benefits to plaintiffs," and seeks an injunction ordering "defendants to issue EIP benefits to all eligible plaintiffs in a timely manner." ECF No. 1 at 2. Plaintiffs also have filed a motion to appoint counsel, which is not signed by any of the plaintiffs, and a motion for leave to proceed in forma pauperis, which is signed by all plaintiffs except Lamont Jefferson. ECF Nos. 2, 3.

Upon initial review of the complaint and for the reasons explained below, the court determines that it is appropriate to sever the claims of each plaintiff into separate cases. Thus, the court will direct that the claims of each plaintiff be severed from this case and filed in a new and separate civil action for each plaintiff, to be prosecuted by each plaintiff separately. The court makes no ruling at this time as to whether plaintiff's claims will survive any initial

screening under 28 U.S.C. § 1915A(a).[2] This opinion also addresses the plaintiffs' motion for counsel.

Turning first to plaintiffs' request for class certification, and despite plaintiffs' statement that they are bringing this action as a class action, pro se plaintiffs may not represent one another and pro se class actions are not permissible. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Thus, the complaint's request to certify this case as a class action pursuant to Rule 23, Compl. 10–12, 15, ECF No. 1, will be denied. Instead, each of the plaintiffs will be required to prosecute his own case.

The court also has considered whether to allow all of the plaintiffs to proceed in a single action or whether severance is appropriate. The court joins other judges of this court in concluding that multiple prisoners are not prohibited from joining together as plaintiffs in a single civil rights action. Ofori v. Clarke, No. 7:18-CV-00587, 2019 WL 4344289, at *2 (W.D. Va. Sept. 12, 2019) (citing Boriboune v. Berge, 391 F.3d 852, 855–56 (7th Cir. 2004)); see also Mendez v. Leu, No. 7:20-cv-00046, 2020 WL 534531, at *2 (W.D. Va. Feb. 3, 2020) (citing same); but see Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001) (holding that

---

[2] The court notes, however, that, plaintiffs may be members of the class in Scholl v. Mnuchin, No. 20-cv-5309 PJH, 2020 WL 6065059, at *2 (N.D. Cal. Oct. 14, 2020), which was granted a declaratory judgment stating that "26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated." Id. Courts have held that similar declaratory relief is unavailable to members of the class because it has already been granted to them in Scholl. E.g., Hulsey v. Mnuchin, No. 21-cv-02280-PJH, 2021 WL 1561626, at *3 (N.D. Cal. Apr. 21, 2021); Sharp v. Koskinen, No. 21-cv-02171-PJH, 2021 WL 1318747, at *3 (N.D. Cal. Apr. 8, 2021); Wilcox v. Mnuchin, No. 2:20-CV-211, 2021 WL 21729, at *5 (W.D. Mich. Jan. 4, 2021). Also, at least one court has held that because the deadline in the CARES Act for making advance payments was December 31, 2020, a prisoner cannot now obtain at least that payment. See Hulsey, 2021 WL 1561626, at *3; Sharp 2021 WL 1318747, at *3. Additionally, one court has noted that a prisoner plaintiff had not shown that he had a private right of action under the CARES Act so as to entitle him to seek damages from the IRS for not issuing an EIP. Coy v. Trump, No. 21-cv-01344-PJH, 2021 WL 965321, at *3 n.1 (N.D. Cal. Mar. 15, 2021).

the PLRA's requirement of a separate filing fee for each prisoner prevents prisoners from joining claims under Fed. R. Civ. P. 20); Davis v. Aldridge, No. 3:20-cv-00592, 2020 WL 5502306, at *1 (S.D. W. Va. Sept. 11, 2020) (relying on Hubbard and noting that courts in the Fourth Circuit "have found the analysis in Hubbard persuasive and have declined to permit prisoner plaintiffs to join in one civil action") (citations omitted).

In this case, however, whether or not a particular plaintiff has been improperly denied any payments under the CARES Act potentially will depend on a number of particularized factors, including what steps each plaintiff has taken to obtain their payment, and whether and when they filed their tax returns for different years. Additionally, the complaint actually references three different payments, and indicates that most the plaintiffs have received none of those payments, but some have received at least one. All of those issues will require individualized factual development and an individual determination as to eligibility or entitlement to the payments. In light of this fact, as well as the general difficulties inherent in allowing multiple plaintiffs in any prisoner case, the court concludes that pre-trial severance will best serve the interests of the parties and the interests of justice. Thus, the court will exercise its discretion, pursuant to Federal Rule of Civil Procedure 21, to sever each plaintiff's claims into a separate action. See Jeffcoat v. Blyth Eastman Paine Webber, Inc., 896 F.2d 1367, 1990 WL 15556, at *2 (4th Cir. 1990) (holding that a party's ability to use Rule 20's joinder provisions is discretionary with the court) (unpublished table decision); Carroll v. United States, No. 5:14-CV-02167-JMC, 2015 WL 854927, at *10 (D.S.C. Feb. 27, 2015) (exercising discretion to disallow joinder of multiple prisoners as plaintiffs and collecting authority holding same); see also Boriboune, 391 F.3d at 854 (holding that prisoners could

4

join as plaintiffs in a single suit, but recognizing that "the rules provide palliatives" to alleviate the practical difficulties of joinder, including the option of severance).[3]

Furthermore, even if the court were not severing their respective claims, but allowing them to remain joined in a single suit, each plaintiff would be required to comply with the financial requirements and to pay a separate filing fee. 28 U.S.C. § 1915(b)(1) (stating that a prisoner plaintiff "shall be required to pay the full amount of a filing fee" for a civil action); see also Boriboune, 391 F.3d at 855–56; Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001); Ofori, 2019 WL 4344289, at *4. But see In re Prison Litigation Reform Act, 105 F.3d 1131, 1137, 1138 (6th Cir. 1997) (concluding that plaintiffs proceeding together should be charged a single fee, apportioned among them). To hold otherwise would allow prisoners to circumvent the plain requirement of the PLRA's filing fee provisions. Boribourne, 391 F.3d at 855–56.

Lastly, plaintiffs' motion for appointment of counsel, ECF No. 2, will be denied without prejudice. The court cannot require an attorney to represent an indigent civil plaintiff. See Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 309 (1989). Instead, the court may only request that an attorney represent an indigent plaintiff when "exceptional circumstances" exist. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Exceptional circumstances depend on the type and complexity of the case and the ability of the plaintiff to present it. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. at 309. As it relates to the only plaintiff who will remain in this

---

[3] The cases may be consolidated at a later time, if appropriate. See Thomas v. N. Corr. Facility, Civil Action No. 5:11cv7, 2011 WL 442157, at *2 n.2 (N.D.W. Va. Feb. 2, 2011) (severing cases brought by two prisoner plaintiffs, but noting that "it may be appropriate to consolidate them" at a later point).

5

case, Brooks, the court does not find that he is unable to prosecute his own case and, indeed, he has previously—and competently—prosecuted at least one other civil rights case before this court. Moreover, at this stage, it does not appear that the claims are so factually or legally complicated so as to require counsel.

Nor may the plaintiffs bootstrap their request for counsel onto their request that this case be a class action. Cf., e.g., Brillhart v. Stansberry, No. 1:08cv686, 2008 WL 10502098, at *1 (E.D. Va. July 18, 2008) (rejecting plaintiffs' attempt to bring their suit as a class action and explaining that they had no right to the appointment of counsel and so "failed to meet the requirements to maintain a class action"). Nothing in the court's ruling, however, precludes Brooks or any other plaintiff from obtaining counsel willing to represent them in a class action. Additionally, in the event that the matter is set for trial, any plaintiff may renew a request for counsel in his case at that time.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: April 30, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.04.30 13:56:13
-04'00'

Michael F. Urbanski
Chief United States District Judge